IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| QUAN JOHNSON-MANUEL | § | |
| VS. | § | CIVIL ACTION NO. 1:22cv531 |
| ZENA STEPHENS, ET AL. | § | |

### REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Quan Johnson-Manuel, an inmate confined at the Jefferson County Correctional Facility, proceeding *pro se*, brought the above-styled lawsuit pursuant to 42 U.S.C. § 1983.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

### Discussion

On November 21, 2022, Plaintiff was ordered to either pay the filing fee or submit an Application to Proceed *In Forma Pauperis* and a statement certified by an authorized prison official showing his average balance in and deposits into Plaintiff's inmate trust account for the six month period immediately preceding the filing of the complaint. Plaintiff's compliance was due on or before the expiration of twenty (20) days from the date of the order.

Fed. R. Civ. P. 41(b) authorizes the district court to dismiss an action for failure to prosecute or for failure to comply with any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.,* 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626, 629 (1962).

As of this date, plaintiff has neither paid the $402.00 filing fee nor submitted a properly supported Application to Proceed *In Forma Pauperis* as ordered. Additionally, the copy of the notice of case assignment sent to plaintiff at his last known address was returned as undeliverable and contained a notation that plaintiff has been released. The orderly and expeditious disposition

of cases requires that if a litigant's address changes, he has a duty to inform the court of the change. Further, Eastern District of Texas Local Rule CV-11(d) requires *pro se* litigants such as plaintiff to provide the court with a physical address and keep the clerk advised in writing of a current address. The exercise of the power to dismiss for failure to prosecute is committed to the sound discretion of the court. *See Green v. Forney Eng'g Co.*, 589 F.2d 243, 245 (5th Cir. 1979).

For the reasons set forth above, plaintiff has failed to diligently prosecute this case. Therefore, this case should be dismissed for want of prosecution pursuant to FED. R. CIV. P. 41(b).

## Recommendation

This case should be dismissed without prejudice pursuant to FED. R. CIV. P. 41(b).

## Objections

Within fourteen days after being served with a copy of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 13th day of December, 2022.

_____
Zack Hawthorn
United States Magistrate Judge